**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY EDWIN POOLE, | Case No. EDCV 19-1872-JLS (JPR) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| L.J. MILUSNIC et al., | |
| Defendants. | |

On September 16, 2019, Plaintiff, a federal inmate at FCI-Victorville proceeding pro se, filed a civil-rights action in the Southern District of California; on September 27, it was transferred here. He was subsequently granted leave to proceed in forma pauperis. On October 11, 2019, he stated new factual allegations in a "motion for supplement complaint."

Plaintiff sues four employees of FCI-Victorville — Warden L.J. Milusnic, Assistant Warden C. Swain, and correctional officers Johnson and Patrick — in their official and individual

1

capacities[1] under "42 U.S.C. § 1983."[2] His claims stem from his transfer from a handicap-accessible cell to a non-handicap-accessible cell in violation of the medical staff's orders and from the injuries he allegedly suffered as a result. He sues for damages and injunctive relief.

As an initial matter, Plaintiff improperly brings his claims under § 1983: as a federal prisoner challenging the actions of federal employees, his claims arise under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which is the "federal analog to suits brought against state officials under [§ 1983]." Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006); see Starr v. Baca, 652 F.3d 1202, 1206 (9th Cir. 2011). "[L]iberally constru[ing]" Plaintiff's pro se filings, however, as the Court must, Erickson v. Pardus, 551 U.S. 89, 94 (2007), it construes the lawsuit as a Bivens action. See Valdovinos-Blanco v. Adler, 585 F. App'x 586, 587 (9th Cir. 2014) ("Because [plaintiff] alleged wrongdoing at a federal prison[,] . . . the magistrate judge properly characterized [his] claims as an action under [Bivens], not an action under [§ 1983].").

After screening the Complaint and Supplemental Complaint

---

[1] Plaintiff actually did not check either box for Defendant Patrick — individual or official capacity (Compl. at 2) — but the Court assumes he sues him the same way he does the others.

[2] Plaintiff also alleges that a "Counselor Campbell" "never stops to visit [him] of his needs" and that when "Acting Unit Manager" "Coates . . . does his rounds, he never addresses [Plaintiff's] needs." (Compl. at 6.) Because he does not raise any constitutional claims based on those allegations and apparently makes them only to explain why he has not exhausted administrative remedies (see id.), the Court does not address them here.

2

under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that their allegations largely fail to state a claim on which relief might be granted. Because at least some of the claims might be cured by amendment, the Complaint and Supplemental Complaint are dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured). If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

## **PLAINTIFF'S ALLEGATIONS**

In early August 2019, Plaintiff was housed in a "handicapped cell" in FCI-Victorville's Special Housing Unit. (Compl. at 5, 8.) Earlier that year, medical staff had ordered that he be housed in one through June 2020 because he was suffering from "recurrent episodes of syncope,"[3] "dizziness[,] [and] vertigo" stemming from his heart disease. (Id. at 5; see id. at 8-10; id., Exs. B at 1-3 (medical records), C at 1-2 (medical records), E at 1 (July 10, 2019 status sheet indicating that Plaintiff should be housed in handicap-accessible cell), F at 1 (June 7, 2019 status sheet indicating same).) Specifically, he needed to be housed in a cell with safety rails so that he could "hold on every time he st[oo]d up or use[d] the rest room." (Id., Ex. D at 1; see id. at 5, 11.)

---

[3] Syncope is the "[l]oss of consciousness and postural tone caused by diminished cerebral blood flow." Stedman's Medical Dictionary 1745 (27th ed. 2000).

3

On August 4, correctional officers Johnson and Patrick removed Plaintiff and his cellmate, Kenneth Wilcox, from their cell so that work could be done on its "backed up sewer drain" and transferred them to a non-handicap-accessible cell. (Id. at 5; see id. at 8; Wilcox Decl. at 1-2.)[4] When Plaintiff arrived at the new cell, he showed Johnson his status sheets instructing that he be housed in a handicap-accessible cell with rails. (Compl. at 5, 8; Wilcox Decl. at 2.) Johnson responded, "Sex offenders do not need handicapped cells" and "[i]f you had not checked in into [sic] protective custody for being a cho-mo,[5] you would not have not have [sic] had to move at all; [f]uck your medical needs." (Compl. at 5; see Wilcox Decl. at 3.)

The next day, Plaintiff "experienced an episode of vertigo" while attempting to stand up and fell to the floor, "cutting and scraping" his right wrist and forearm on the "bottom edge of [the cell's] shower which had been recently damaged, exposing a razor sharp edge." (Compl. at 5, 11.) He fell again on August 17, 2019, once more injuring his right wrist and forearm. (Id.)

On September 29, 2019, Plaintiff fell while getting out of bed, "injuring his head and back." (Suppl. Compl. at 2.) He remained on the floor for two hours after staff had been notified that he needed medical attention, but none was provided. (Id.)

---

[4] Plaintiff has attached to the Complaint a statement signed by Wilcox under "penalty of perjury," corroborating some of the Complaint's allegations. (Wilcox Decl. at 3.) Although it is captioned an "affidavit" (id. at 1), it has not been sworn before a judge. Thus, the Court refers to it as a Declaration.

[5] "Cho-mo" appears to be prison slang for a child molester. See, e.g., Cooper v. San Bernardino Sheriff Dep't, ED CV 16-00949-PSG (PLA), 2017 WL 10511568, at *3 (C.D. Cal. Mar. 10, 2017).

4

When Patrick finally responded and was "informed of [Plaintiff's] medical needs," he did not help. (Id.) The next day, Plaintiff again fell and could not get up. (Id. at 3.) When Patrick responded, he stated, "Being on the floor with an injured back is no emergency." (Id.) Later that day, Plaintiff's cellmate placed a note in the cell door stating that Plaintiff was having chest pains and needed medical assistance. (Id.) Patrick passed by the cell and stated, "I can see he's at least breathing, so he must be alive." (Id.)

## STANDARD OF REVIEW

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual

allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

**DISCUSSION**

**I. Plaintiff Cannot Assert <u>Bivens</u> Claims Against Defendants in Their Official Capacity**

Plaintiff has sued all four Defendants in their official capacity. His official-capacity claims are properly treated as claims against the Defendants' employing entity, the Federal Bureau of Prisons. See Kentucky v. Graham, 473 U.S. 159, 166 (1985) (holding that "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity").

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity, moreover, "is jurisdictional in nature," id., and "[a] waiver of sovereign immunity by the United States must be expressed unequivocally," Consejo de Desarrollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007); see also Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). The United States has not waived sovereign immunity on Bivens claims for damages. See Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991). Thus, Plaintiff's official-capacity claims against

Defendants — actually the BOP — are barred by sovereign immunity.[6]

Moreover, Bivens held that although a federal agent's unconstitutional conduct under color of federal authority gives rise to a cause of action for damages, 403 U.S. at 389; see also Iqbal, 556 U.S. at 675, it does so against the agent in his or her individual capacity only, not against the United States, agencies of the United States, or federal agents in their official capacity, see Meyer, 510 U.S. at 484-86; Consejo de Desarrollo Economico de Mexicali, 482 F.3d at 1173.

Accordingly, Plaintiff cannot assert a Bivens claim against any Defendant in his or her official capacity.

## II. Plaintiff Fails to State a Colorable Eighth Amendment Claim Against Defendants Milusnic and Swain

### A. Applicable Law

Plaintiff alleges that Defendants violated the Eighth Amendment by being deliberately indifferent to his safety and medical needs. (Compl. at 3-5.) The Supreme Court has recognized an implied Bivens cause of action for claims alleging deliberate indifference to a prisoner's medical needs. See Carlson v. Green, 446 U.S. 14, 18 (1980). And although courts are split on whether an implied Bivens claim exists for a failure-to-protect claim, compare, e.g., Fleming v. Reed, No.

---

[6] Plaintiff also seeks a "[r]estraining [o]rder to prevent retaliation" and to be "placed back into [h]andicapped cell." (Compl. at 7.) Claims for injunctive relief against the federal government are not barred by sovereign immunity, but they are not properly brought under Bivens. See Solida v. McKelvey, 820 F.3d 1090, 1095-96 (9th Cir. 2016).

7

EDCV 16-0684-PSG (AGR), 2019 WL 4196322, at *3 (C.D. Cal. July 23, 2019), accepted by 2019 WL 4195890 (C.D. Cal. Sept. 3, 2019), with Chambers v. Herrera, No. 5:17-cv-2564-MWF-KES, 2019 WL 4391135, at *8-10 (C.D. Cal. July 9, 2019), accepted by 2019 WL 5413883 (C.D. Cal. Aug. 29, 2019), the Court assumes for screening purposes that it is cognizable.

Plaintiff had apparently been convicted at the time of the alleged deprivation and so his claim is properly analyzed under the Eighth Amendment's Cruel and Unusual Punishments Clause. See Castro v. Cnty. of L.A., 833 F.3d 1060, 1067 (9th Cir. 2016) (en banc). The Eighth Amendment bars conditions of confinement that are incompatible with "evolving standards of decency" or "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (citations omitted). The Constitution does not mandate that prison conditions be comfortable, "but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

"To find an Eighth Amendment violation, courts must identify specific conditions that fail to meet Eighth Amendment requirements." Hoptowit v. Ray, 682 F.2d 1237, 1246 n.3, 1247 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84 (1995). An inmate must show that the deprivation alleged was objectively "sufficiently serious" in that the inmate was "incarcerated under conditions posing a substantial risk of serious harm" and the defendant was

"deliberate[y] indifferen[t]" to the inmate's health or safety. Farmer, 511 U.S. at 834 (citations omitted). To adequately allege deliberate indifference, a plaintiff must set forth facts showing that a defendant "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety." Castro, 833 F.3d at 1068 (citing Farmer, 511 U.S. at 837).

The Supreme Court has "treated medical care claims substantially the same as other conditions of confinement violations." Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018), cert. denied, 139 S. Ct. 794 (2019). To establish a constitutional claim based on inadequate medical care, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Gamble, 429 U.S. at 104. A "serious" medical need exists when failure to treat the plaintiff could result in "further significant injury" or the "unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Gamble, 429 U.S. at 104), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin, 974 F.2d at 1059). The defendant must have purposefully ignored or failed to respond to the plaintiff's pain or medical needs. McGuckin, 974 F.2d at 1060. An inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care, or a difference of opinion over

9

proper medical treatment are all insufficient to violate the Eighth Amendment. See Gamble, 429 U.S. at 105-07; Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Government officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. Because a supervisory official may be liable on the basis of her own acts or omissions, however, a plaintiff can state a claim against her based on knowledge of and acquiescence in the unconstitutional conduct of her subordinates. Starr, 652 F.3d at 1207. Thus, the supervisor is liable if either she was personally involved in the unconstitutional deprivation or a sufficient causal connection existed between her wrongful conduct and the deprivation. Id. A causal connection can be established by "setting in motion a series of acts by others" or "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (alterations and citations omitted).

B. <u>Analysis</u>

Plaintiff alleges that in moving him to a cell without railings despite being aware that medical staff had ordered that he be housed in a handicap-accessible cell, Johnson and Patrick were "negligent" (Compl. at 11) — a level of culpability that falls short of deliberate indifference. See Farmer, 511 U.S. at 836-37. Nonetheless, his allegations that they knowingly disregarded several status sheets calling for him to be housed in a handicap-accessible cell and made dismissive comments are

10

likely sufficient to state a deliberate-indifference-to-medical-needs claim. See Akhtar v. Mesa, 698 F.3d 1202, 1213–14 (9th Cir. 2012) (holding that allegations that in moving plaintiff to different bunk defendants ignored order requiring him to be housed in lower bunk on ground floor were sufficient "to show that [defendants] were deliberately indifferent"); Ramos v. Monteiro, No. CV 06-0832-GAF (JTL)., 2009 WL 1370998, at *15 (C.D. Cal. May 14, 2009) (holding that allegations that plaintiff was forced to sleep on floor after falling while climbing to upper bunk when defendants had refused to assign lower bunk despite knowing that doctor had ordered one were sufficient to allege deliberate indifference).[7]

But Plaintiff has not sufficiently alleged that Milusnic and Swain were liable for that purported constitutional violation.

---

[7] Plaintiff's allegations about his injuries are conclusory. He alleges that he injured his "right wrist and forearm" when he fell on the "razor edge" of the shower in his new cell the day after he was transferred. (Compl. at 5, 11.) He also mentions injuries to his "head and back" sustained during a subsequent fall. (Suppl. Compl. at 2.) The only specific allegation he makes about the "physical harm" he suffered (Compl. at 5) is that he sustained "cutting and scraping" to his wrist and forearm (id. at 11). He does not allege whether, to what extent, or for how long his injuries caused him pain; whether they impaired his ability to do anything; what treatment he received for them, if any; or how long they lasted. Indeed, although he attached medical records documenting his heart condition, he included none concerning the injuries he claims he suffered here. To the extent he wishes to recover damages for "[p]ain [and] [s]uffering" (id. at 7), he must allege the harm he suffered. See Oliver v. Keller, 289 F.3d 623, 627-28 (9th Cir. 2002) (holding that plaintiff in § 1983 action who failed to allege more than de minimis physical injury could not recover mental or emotional damages stemming from it); Ward v. Oromde, No. CIV S-09-2542-CMK-P., 2011 WL 4056035, at *5 (E.D. Cal. Sept. 12, 2011) ("[C]omplaints of bruising, swelling, scrapes, and pain, without evidence of more serious injury, indicate de minimus [sic] injury at best."), aff'd, 519 F. App'x 470 (9th Cir. 2013).

See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). He resorts to conclusory allegations that Milusnic placed him in "danger" and denied his "medical needs" by transferring him to the non-handicap-accessible cell. (Compl. at 3.) But he does not allege any facts to support an inference that Milusnic knew about the transfer, let alone that he authorized it in conscious disregard of his medical needs. Likewise, he does not allege any facts to support an inference that Milusnic authorized Johnson to speak loudly about his underlying conviction. (See id.) Indeed, in the same breath that he faults Milusnic for placing him in danger, he alleges that Johnson acted on his own and was "unsupervised," essentially acknowledging that Milusnic was not personally involved. (Id.) And to the extent he means to suggest that Milusnic permitted Johnson to act without supervision, he fails to allege facts from which to infer that Milusnic knew Johnson was not adequately supervised. (Id.)

Similarly, although he suggests that he asked Swain if he could be "placed back into" his old cell (id. at 4), his allegations are ambiguous as to when he made that request, whether he explained that he had orders to be housed in a handicap-accessible cell, and whether Swain understood that rejecting his request would jeopardize his safety. And given that Plaintiff claims that he fell and injured himself the day after being transferred, it appears unlikely that he notified

Swain of the alleged danger before he was injured.[8] At bottom, Plaintiff's conclusory allegations bear no resemblance to the detailed factual allegations required to state a supervisory-liability claim based on deliberate indifference. Compare Starr, 652 F.3d at 1208-12, 1216 (complaint providing "detailed factual allegations" of misconduct, including dates on which Sheriff was given notice of incidents, was sufficient to state deliberate-indifference claim against him), with Hydrick v. Hunter, 669 F.3d 937, 941 (9th Cir. 2012) (finding supervisory-liability allegations insufficient and explaining that decision in Starr depended on "detailed factual allegations").

Nor has he adequately alleged that Milusnic or Swain was deliberately indifferent to the allegedly dangerous shower in his new cell. (See Compl. at 3-4.) Plaintiff's allegations about the shower are largely conclusory. Although he alleges that it had a "razor sharp edge" and that he hit that edge when he fell on August 5, he does not explain the extent of the shower's damage or provide any other details about the protuberance to show that it amounted to an unconstitutional condition of

---

[8] Plaintiff also asserts that Swain violated "due process" by "not providing an investigation" into "the violation" when it was "brought to her attention." (Compl. at 4.) His allegations do not give rise to a colorable constitutional claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that claim based on processing of inmate appeals has no constitutional foundation because inmates lack constitutional entitlement to specific grievance procedure); see also Ross v. McGuinness, 471 F. App'x 608, 609 (9th Cir. 2012) (holding that district court properly granted summary judgment because allegations that defendant violated plaintiff's constitutional rights "in reviewing and responding to [his] grievance about his medical care" did not give rise to constitutional claim).

13

confinement.  Further, he fails to allege that either Milusnic or Swain was aware of that alleged danger before he was injured by it.  See Farmer, 511 U.S. at 837 (to allege deliberate indifference, plaintiff must set forth facts showing that defendant knew of, but disregarded, excessive risk to inmate safety).  Indeed, he does not allege that Milusnic knew about the exposed shower edge at all.  (See Compl. at 4.)

Thus, Plaintiff has failed to state a claim against Milusnic or Swain in an individual capacity.  If he chooses to amend his pleadings, he must identify exactly what those Defendants' personal involvement was in violating his constitutional rights.

********************

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a first amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself, without reference to the Complaint, the Supplemental Complaint, or any other pleading, attachment, or document. **Plaintiff is warned that if he fails to timely file a sufficient FAC, this action will likely be dismissed on the grounds set forth above and/or for failure to diligently prosecute.**

DATED: 12/02/2019

JOSEPHINE L. STATON
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

14