# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No. **EDCV 19-1872-JLS (JPR)**     Date: **March 27, 2020**
Title: **Poole v. Milusnic et al.**

================================================================

**DOCKET ENTRY: Order Dismissing FAC With Leave to Amend**

================================================================

PRESENT:

    HON. **JEAN P. ROSENBLUTH**, U.S. MAGISTRATE JUDGE

| Bea Martinez | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present         None Present

## PROCEEDINGS: (IN CHAMBERS)

On September 16, 2019, Plaintiff, a federal inmate proceeding pro se, filed a civil-rights action in the Southern District of California; on September 27, it was transferred here. On October 11, 2019, he stated new factual allegations in a "motion for supplement complaint." He sues four employees of FCI-Victorville — Warden L.J. Milusnic, Assistant Warden C. Swain, and correctional officers Johnson and Patrick[1] — in their official and individual capacities.

On December 2, 2019, the Court dismissed the Complaint and Supplemental Complaint with leave to amend, finding that their allegations largely failed to state a claim on which relief might be granted. Specifically, the Court construed Plaintiff's lawsuit challenging the actions of federal employees, which he improperly brought under 42 U.S.C. § 1983, as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and found that he could not assert Bivens claims against Defendants in their official capacity. The Court further noted that although his allegations against Johnson and Patrick were "likely sufficient to state a deliberate-indifference-to-medical-needs claim," he had not "sufficiently alleged that Milusnic and Swain were liable for that purported constitutional violation." (Order Dismissing Compl. & Suppl. Compl. at 10-11.) The Court also warned Plaintiff that if he wished to recover damages for pain and suffering, he had to allege the physical harm he suffered with greater particularity. (Id. at 11 n.7.)

---

[1] Plaintiff does not supply a second name for Johnson or Patrick.

MINUTES FORM 11     Initials of Deputy Clerk:bm
CIVIL-GEN

-----

The Court instructed Plaintiff that if he desired to pursue any of his claims, he had to file a first amended complaint with 28 days, remedying the deficiencies discussed. The FAC had to "be complete in and of itself, without reference to the Complaint, the Supplemental Complaint, or any other pleading, attachment, or document." (Id. at 14.)

On March 10, 2020, Plaintiff filed the FAC. But although the original Complaint was drafted on a standard civil-rights complaint form, the FAC was not. Instead, what he calls the FAC is a list of allegations, separated by Defendant and topic. His new allegations successfully address some of the Court's concerns. For instance, he alleges in greater detail what injuries he sustained when he fell in his non-handicap-accessible cell. (See FAC at 10-13.) He also provides additional details about the damage that made the shower in his new cell dangerous. (See id. at 9.) And the new allegations about Swain's and Milusnic's awareness of his predicament and needs might be sufficient to state a deliberate-indifference claim against them.[2] (See id. at 2-6.)

But because Plaintiff frames the FAC as a series of responses to concerns in the Court's dismissal order instead of a new complaint that is "complete in and of itself,"

-----

[2] The allegations in the FAC, particularly those concerning Swain's and Milusnic's alleged deliberate indifference, allude to conduct that occurred after Plaintiff filed the original Complaint. Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." If any Defendants are ultimately served in this case, they may seek any relief they believe appropriate concerning the supplemental allegations.

---

as the Court instructed he must do, it is unclear what claims he is bringing and against whom. And although some of the new allegations may be sufficient to address the Court's concerns when read in context with the original Complaint, when evaluated on their own, as they must be, the FAC's allegations fail to present a coherent, chronological narrative about the conduct Plaintiff alleges violated his constitutional rights. He also omits many of the allegations in the Complaint and Supplemental Complaint that led the Court to find that his allegations were likely sufficient to state a deliberate-indifference-to-medical-needs claim against Johnson and Patrick. For instance, missing from the FAC are any specific allegations that Johnson and Patrick were deliberately indifferent to his medical needs because they knowingly disregarded several status sheets calling for him to be housed in a handicap-accessible cell, making dismissive comments in the process. (Cf. Compl. at 5, 8-10 & Exs. B at 1-3, C at 1-2, D at 1, E at 1, F at 1 (alleging that medical staff had ordered that he be housed in "handicapped cell" and attaching relevant medical records and status sheets); Compl. at 5, 8 (alleging that he showed Johnson and Patrick status sheets when they placed him in non-handicap-accessible cell).)[3]

       If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second

---

[3] Plaintiff does not name all of the parties in the "title of the [FAC]," which he is required to do under Rule 10(a) of the Federal Rules of Civil Procedure. He also did not sign the FAC, in violation of Rule 11(a) and Local Rule 11-1. He must sign any amended complaint he files and must list the names of all Defendants in the proper space in the caption or it will be subject to dismissal on those bases alone. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (as amended); Stephens v. St. Francis Med. Ctr., No. CV 15-5568 R(JC), 2017 WL 3614420, at *1 n.1 (C.D. Cal. Aug. 22, 2017) (finding unsigned second amended complaint deficient under Rule 11(a)).

---------------------------------------------------------------------------------------------------------------------

amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above.  The SAC should bear the docket number assigned to this case; be labeled "Second Amended Complaint"; be complete in and of itself, without reference to the original Complaint, Supplemental Complaint, FAC, or any other pleading, attachment, or document; and be signed by Plaintiff.  The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate his filing of an organized and coherent SAC if he elects to proceed with this action.  **He is warned that if he fails to timely file a sufficient SAC, the Court may dismiss this action entirely on the grounds set forth above or for failure to diligently prosecute**.